**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **CARMEN E. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-1293-W-RED-SSA** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Carmen E. Johnson ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for supplemental security income under Title XVI. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge (the "ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4)

2

whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## ANALYSIS

Plaintiff sets forth two arguments in support of her allegation that the ALJ erred when coming to its decision. Plaintiff first argues that the ALJ erred as it did not fully and fairly develop the record of evidence. Plaintiff additionally argues that the ALJ determined a residual functional capacity ("RFC") for Plaintiff which was not based on all or any of the medical evidence and by not explaining the basis of its determination as required by Social Security Rule 96-8p.

**I.      The ALJ did fully and fairly develop the evidence of record.**

Plaintiff argues that the ALJ erred as it did not fully and fairly develop the evidence of record, specifically regarding her impairments of depression and anxiety. Though the ALJ has a duty to develop the facts fully and fairly, reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Here, the ALJ's decision regarding Plaintiff's impairments of depression and anxiety

Case 4:10-cv-01293-RED   Document 22   Filed 02/15/12   Page 3 of 8

have been fully and fairly developed.

First, it should be noted that Plaintiff did not include depression or anxiety as an illness, injury, or condition which limits her ability to work on her application for benefits and, further, did not mention her depression at her hearing. The ALJ is not obliged "to investigate a claim not presented at the time of application for benefits and not offered at the hearing as a basis for disability." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008). Therefore, the ALJ was not obligated to investigate any claims regarding Plaintiff's depression and the ALJ did fully and fairly develop the evidence of record with regard to Plaintiff's alleged depression.

Plaintiff did not mention her anxiety in her application for benefits but, nonetheless, did mention her anxiety at her hearing. Though the ALJ has an independent duty to develop the record in a social security disability hearing, "'[t]he ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.'" *Jones v. Astrue*, 619 F.3d 963, 969 (8th Cir. 2010)(quoting *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010)). At Plaintiff's hearing she stated that her anxiety "just comes every once in a while" and, further, that she has been prescribed medication which helps her condition. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling"). Furthermore, Plaintiff's evaluation by Dr. Gerald Early on December 3, 2008, indicated that she had no gross cognitive abnormalities. Thus, based on the medical evidence and Plaintiff's testimony, the ALJ fully and fairly developed the evidence regarding Plaintiff's anxiety and did not need to order a consultative psychological examination to determine Plaintiff's mental health condition.

Plaintiff additionally argues that the ALJ did not fully and fairly develop the record as

Plaintiff did not have an opportunity to review the file prior to the hearing; the ALJ did not ask whether Plaintiff had any objection to the evidence in the file; and as Plaintiff was unaware that she could provide additional evidence. However, at the hearing, the ALJ advised Plaintiff that she had a right to an attorney, even if she was unable to afford one; asked Plaintiff whether she wanted to look at her file, to which she said "no"; advised her that he was going to admit all of the exhibits in her file, to which she said "okay"; and, finally, asked Plaintiff whether she had any questions for the vocational expert and whether Plaintiff "ha[d] anything else to add." The Court does not find this argument persuasive as the ALJ gave Plaintiff the opportunity to put on her case and, further, to retain an attorney to represent her. For these reasons, along with the reasons stated above, it is clear that the ALJ did fully and fairly develop the evidence of record.

## II. The ALJ did not err in determining Plaintiff's RFC and did properly explain the basis of its determination.

Plaintiff additionally argues that the ALJ determined a RFC for Plaintiff which was not based on all or any of the medical evidence and did not explain the basis of its determination as required by Social Security Rule 96-8p.

The ALJ's determination of Plaintiff's RFC is supported by substantial evidence of the record as a whole. First, it should be noted that the ALJ properly assessed Plaintiff's credibility. Though Plaintiff argues that the ALJ did not consider each *Polaski* factor when determining her credibility, the ALJ's decision does not need to discuss each *Polaski* factor. *Samons v. Astrue*, 497 F.3d 813, 820 (8th Cir. 2007). Moreover, the ALJ properly discredited Plaintiff's credibility as Plaintiff's testimony was inconsistent with the medical evidence on the record as a whole. For example, Plaintiff testified that she had to lie down all day. But, this statement is inconsistent with the findings of: Dr. Thomas Pham, who, on May 30, 2007, concluded that "[t]here [wa]s no limitations

Case 4:10-cv-01293-RED   Document 22   Filed 02/15/12   Page 5 of 8

on patient's activity"; Dr. Tyler Muffly, who noted on November 22, 2008 that Plaintiff's activity had "[n]o restrictions"; and Dr. Fariha Shafi, who also put no restrictions on Plaintiff's activity and advised that her activity was to be "as tolerated" on October 21, 2009.  Plaintiff's statement is also inconsistent with the physical RFC assessment of Dr. Denise Trowbridge who indicated that Plaintiff could occasionally climb a ramp or stairs, balance, stoop, kneel, and crouch.  Dr. Trowbridge further indicated that, though Plaintiff is limited, she could sit about six hours in a workday and stand or walk at least two hours in a work day.  Thus, the objective medical evidence supports the ALJ's decision to discredit Plaintiff's credibility.  For these reasons, along with the fact that the "ALJ is in a better position to gauge credibility", the ALJ did not err when determining Plaintiff's credibility.  *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007).

An RFC calculation need only include Plaintiff's credible limitations.  *Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006).  As the ALJ properly discounted Plaintiff's complaints regarding her activity limitations, these complaints need not be a factor in the ALJ's RFC determination.  When reaching its decision regarding Plaintiff's RFC, the ALJ relied upon both Plaintiff's credible subjective complaints and the objective medical evidence.  This is clear through the ALJ's discussion of Plaintiff's symptoms and the evidence regarding her medical visits.

Furthermore, the ALJ's RFC determination is supported by substantial evidence on the record as a whole.  For example, the ALJ's RFC determination includes almost all of Plaintiff's activity limitations that were indicated by Dr. Trowbridge.  The only limitation which Dr. Trowbridge notes that the ALJ does not include is Plaintiff's limitations regarding crouching and crawling.  Dr. Trowbridge indicated that Plaintiff could never crouch or crawl while the ALJ concluded that Plaintiff could occasionally crouch or crawl.  However, this determination by the ALJ is also

supported by the record as a whole. As indicated above, Plaintiff's treating physicians put no physical limitations on her. Moreover, Plaintiff testified at her hearing that if she dropped her keys on the floor, she would bend over and pick them up and, further, that if she was unable to find her keys on the floor, she would try to get down on the floor and look for them. Furthermore, the ALJ, in its RFC assessment, included Plaintiff's complaints of memory loss and, also indicated that Plaintiff must avoid concentrated exposure to heat, which is consistent with Dr. Trowbridge's findings and Plaintiff's subjective complaints. For these reasons, the ALJ did not err in determining Plaintiff's RFC as her RFC assessment is supported by substantial evidence of the record as a whole.

Plaintiff also argues that the ALJ did not properly explain the basis of its determination and cites Social Security Rule 96-8p in support of its argument. According to SSR 96-8p, "The RFC must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by function basis." Here, the ALJ first sets forth his RFC determination and follows that with a discussion supporting his determination. The Court cannot see how this approach is in error. However, even if there was somehow an error in how the ALJ expressed Plaintiff's RFC, considering the fact that the RFC is supported by substantial evidence, such error would be nothing more than a "deficiency in opinion-writing" which would not warrant reversal. *Draper v. Barnhart*, 426 F.3d 1127, 1130 (8th Cir. 2005).

Plaintiff additionally argues that the ALJ should cite specific evidence supporting each of his conclusions and describe the maximum amount of each work-related activity the Plaintiff could perform. However, though the ALJ "shall issue a written decision that gives the findings of fact and the reasons for the decision," 20 CFR § 404.953, "an ALJ is not required to discuss every piece of evidence submitted, [and] an ALJ's failure to cite specific evidence does not indicate that such

evidence was not considered." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). Moreover, in this case, the ALJ does discuss evidence supporting his decision and, further, describes the maximum amount of each work-related activity Plaintiff could perform when he states that Plaintiff "cannot climb ladders, etc." and should "only occasionally climb stairs, etc."

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED:          February 14, 2012                    _/s/ Richard E. Dorr_
                                                     RICHARD E. DORR, JUDGE
                                                     UNITED STATES DISTRICT COURT

8